UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PENTECOSTAL CHURCH OF DEQUINCY** | **CASE NO.  2:19-CV-01656** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the Court is a "Motion in Limine" (Doc. 47) filed by Defendant Church Mutual Insurance Company ("Church Mutual"). Church Mutual moves to prohibit Plaintiff from presenting testimony, evidence, and argument that bad faith penalties can be assessed in relation to additional covered damages based on Church Mutual's position that it denies that any additional covered damages exist.

## BACKGROUND

On or about December 20, 2017, the Pentecostal Church of DeQuincy (the "Church") sustained damages as a result of a tornado that struck the area.[1] The Church submitted a claim to its insurer, Defendant Church Mutual.[2] The Church alleges that Church Mutual's property damages were grossly undervalued.[3] The Church complains that Church Mutual has failed to pay its claim in full and therefore is in breach of its contractual obligation to compensate the Church under the terms of the Policy.[4] The Church also

---

[1] Plaintiff's Original Complaint, ¶ 6, Doc. 1.
[2] Id. ¶ 17.
[3] Id. ¶ 14.
[4] Id. ¶¶ 16, 18.

alleges that it is entitled to recover penalties and damages as described in Louisiana Revised Statute 22:1892 and Louisiana Revised Statute 22:1973.

## LAW AND ANALYSIS

Church Mutual maintains that any additional damage, above and beyond what has been paid via the three payments, is disputed as either excluded from coverage or not caused by the tornado.

Under Louisiana law, insurance companies owe a duty of good faith to the insured. Louisiana Revised Statute 22:1973. Insurers who breach this duty may be liable for damages as well as discretionary penalties and attorney's fees under Louisiana Revised Statutes 22:1892. One who claims entitlement to penalties and attorney fees has the burden of proving the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause. *Reed v. State Farm,* 857 So.2d 1012, 1020 (La. 2003). A "satisfactory proof of loss" is that which is sufficient to fully apprise the insurer of the insured's claim. *Louisiana Bag Company, Inc. v. Audubon Indemnity Co.,* 999 So.2d 1104, 1119 (La. 2008): *McDill v. Utica Mutual Ins. Co.,* 475 So.2d 1085, 1089 (La. 1985). The Fifth Circuit has held that in order to prove that the insurer acted in bad faith when failing to timely pay, the insured must prove that the insurer (1) received satisfactory proof of loss, (2) failed to pay within the established time frame, and (3) acted "arbitrarily and capriciously." *Dickerson v. Lexington Ins. Co.,* 556 F.3d 290 (5th Cir. 1/21/2009).

Church Mutual relies on the findings of Expert Engineer Todd E. Lewis.[5] Mr. Lewis inspected Plaintiff's property on two occasions and concluded that some of the damage claimed by Plaintiff was caused by forces such as differential movement, defective materials, defective construction, and thermal expansion, i.e. not the December 2017 tornado. Church Mutual provided Lewis' reports to an Independent Adjuster who then prepared an estimate of Actual Cash Value for the covered damage. Church Mutual paid the actual cash value of the covered damage. Relying on Lewis' report, Church Mutual asserts that any damage alleged by Plaintiff above and beyond the three payments is disputed by Church Mutual, as not caused by the tornado and/or not covered by the policy. Church Mutual posits that because its denied additional damages, which were disputed, it cannot be arbitrary or capricious in handling the Church's claim. Therefore, bad faith penalties cannot be assessed with regards to any additional covered damage.

The Church maintains that Church Mutual acted in bad faith and that the jury can make a factual determination of whether the payment for additional covered damages were arbitrarily and capriciously withheld by Church Mutual.

The Church received Lewis' report in January and February 2018 which identified the existence of additional covered damages in February 2018. In June 2018, Church Mutual received and approved its adjuster's estimate in the amount of $126,645.32 (three times the value of the initial estimate) for covered damages found by its engineer (Lewis) in February 2018.[6]

---

[5] Defendant's exhibit 1, dated January 26, 2018, Doc. 47-3; Defendant's exhibit 2, dated February 27, 2018, Doc. 47-4.
[6] Plaintiff's exhibit A.

On October 2, 2020, Church Mutual received the Church's damages estimate for covered damages;[7] On October 12, 2020, Church Mutual made a payment to the Church based solely on its own adjuster's June 2018 estimate after a 28-month delay, characterizing it as an "undisputed payment."[8] The Church remarks that Church Mutual failed to fully consider any cost differences between its own adjuster's June 2018 estimate and the Risk Protection Services estimate.

Louisiana courts have determined that "the arbitrary and capricious aspect of the bad-faith penalty inquiry requires a factual finding of the reasonableness of the dispute, *i.e.,* a reasonable defense, as well as finding that the insurer acted in good faith in its reliance upon that reasonable defense." *Thibodeaux v. Arvie,* 226 So.3d 1229, 1235 (La.App. 3 Cir. 8/31/17), *writ denied,* 228 So.3d 1207 (La. 10/27/17); see also *Sacks v. Allstate Propr. & Cas. Ins. Co.,* 2017 WL 4791179, at *4 (E.D. La. Oct. 24, 2017).

Whether Church Mutual acted in bad faith will be up to the jury to decide. Accordingly,

**IT IS ORDERED** that the Motion in Limine will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 1st day of September, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[7] Plaintiff's exhibit C.
[8] Plaintiff's exhibit B, p. 62:14-20.